CRAIG v. MILLER.

1. FORECLOSURE—PARTIES.—In action by the purchaser under execution sale of land subject to mortgage, to redeem the mortgage, the mortgagor, who had conveyed her interest to the mortgagee, with the mortgage lien preserved, was neither a necessary nor proper party, even though she held the mortgagee's note for the excess of value over the mortgage debt, claiming such excess as the consideration for her conveyance of her homestead right.

2. MORTGAGE—MERGER.—Where mortgagor conveys the land to mortgagee with the express stipulation that the mortgage shall remain open for the purpose of protecting the purchaser against junior encumbrances, the court will not regard the mortgage as satisfied or merged.

3. MORTGAGE—CONVEYANCE—HOMESTEAD.—A mortgage of land, then judgment against the mortgagor, then a conveyance by mortgagor to mortgagee, keeping the mortgage open, and then a purchase by the judgment creditor at sheriff's sale under this judgment—*held*, that the mortgagor had divested herself of all right to a homestead in this land before the sheriff's sale.

4. IBID.—IBID.—IBID.—MARSHALLING SECURITIES.—Nor could the mortgagee claim this homestead right under his deed of conveyance from the mortgagor, as he would be required in equity, in favor of the judgment creditor, to first exhaust so much of this land as could be claimed as a homestead as against the judgment, but could not be so claimed as against the mortgage. Therefore, the purchaser at sheriff's sale is entitled to redeem this mortgage.

5. IBID.—JUDGMENT—MARSHALLING SECURITIES—CASES CRITICISED.—The two-fund doctrine of equity will be applied to a homestead as between mortgagee and judgment creditor, even though the mortgaged land be a single tract. The cases of *Ex parte* Kurz, 24 S. C., 468, and *Ex parte* Carraway, 28 *Id.*, 233, explained.

Before WITHERSPOON, J., Fairfield, June, 1893.

This was an action by John R. Craig, as assignee of Calvin Brice, against Samuel G. Miller, administrator. The Circuit decree was as follows:

The plaintiff, as assignee for the benefit of the creditors of Calvin Brice, as survivor of the firm of Calvin Brice & Co., seeks in this action to subject a tract of 290 acres of land to the payment of a judgment obtained by Calvin Brice, survivor,

against the defendant, Elizabeth C. Miller. The testimony was taken and reported by a special referee. The cause was heard upon the pleadings, the testimony taken and reported by the special referee and the arguments of counsel. I find, as matter of fact, the following allegations of the complaint to be true: That on the 1st day of January, 1885, Mary Miller conveyed, by deed, to the defendant, Elizabeth C. Miller, the tract of 290 acres of land described in the complaint, for $2,000, and that on the same day the said defendant executed and delivered to Mary Miller her note for $1,000, secured by a mortgage of said tract of land; on March 6th, 1891, Calvin Brice, as survivor of Calvin Brice & Co., duly obtained judgment against the defendant, Elizabeth C. Miller (or Lizzie Miller), for the sum of $1,675.80, debt, interest, and costs. On the 12th day of September, 1892, Calvin Brice, as survivor aforesaid, made a deed of assignment to the plaintiff, John R. Craig, for the benefit of his creditors as survivor, including in said assignment the judgment against the defendant, Elizabeth C. Miller, as aforesaid; on the 16th day of August, 1892, Mary Miller died intestate, and her son, the defendant, Samuel G. Miller, was duly appointed administrator of her estate; on the 9th day of December, 1892, execution was issued upon the judgment of Calvin Brice, as survivor of Calvin Brice & Co., against the defendant, Elizabeth C. Miller, as aforesaid, and on the same day the sheriff of Fairfield County levied upon the 290 acres of land described in the complaint, as the property of the defendant, Elizabeth C. Miller.

On the 29th day of December, 1892, the said Elizabeth C. Miller conveyed the said tract of 290 acres of land under mortgage to the defendant, Samuel G. Miller, as administrator of Mary Miller, deceased, the consideration stated in said deed being $1,800. The deed from the defendant, Elizabeth C. Miller, to the defendant, Samuel G. Miller, administrator of Mary Miller, contains the following clause, to wit: "But it is hereby agreed by and between me and the said Samuel G. Miller, that the mortgage now held by the said Samuel G. Miller, as administrator of the estate of Mary Miller, deceased, of date the 1st day of January, A. D. 1885, conveying the said premises,

shall remain open and unsatisfied, for the purpose of protecting the said Samuel G. Miller, administrator, against junior encumbrances, if any such there may be, outstanding upon said premises." The defendant, Samuel G. Miller, as administrator, gave to Elizabeth C. Miller his promissory note for $1,000, on the same day that he received the deed for the land from Elizabeth C. Miller.

On the 5th day of January, 1893, the plaintiff bid off the tract of land for $5, sold by the sheriff under the aforesaid judgment, as the property of the defendant, Elizabeth C. Miller, and the sheriff executed a deed of conveyance to the plaintiff. Nothing had been paid by the defendant, Elizabeth C. Miller, upon the judgment against her under which the 290 acre tract of land was sold by the sheriff and bid off by the plaintiff. After receiving title from the sheriff, and before the commencement of this action, the plaintiff offered to pay the defendant, Samuel G. Miller, as administrator, the amount of principal and interest due on the mortgage of the defendant, Elizabeth C. Miller, and demanded possession of the premises. The defendant, Samuel G. Miller, administrator, refused to receive the money, or to surrender the possession of the premises. The plaintiff still alleges his willingness and ability to pay said mortgage debt. It appears that there is little or no assets in the hands of the defendant, Samuel G. Miller, administrator, to be administered.

The plaintiff prays, 1st. For the appointment of a receiver, and if that cannot be done, that the defendant, Samuel G. Miller, be required to account as a mortgagee in possession. 2d. That the plaintiff may be allowed to redeem the premises upon paying the amount due upon the mortgage. 3d. That the defendant, Samuel G. Miller, be required to deliver up the deed and mortgage to be cancelled, and that plaintiff be let into possession of the premises.

The defendants, Samuel G. Miller and Elizabeth C. Miller, allege in their answer, that the 290 acres of land consists of one entire tract of land, that is not susceptible of division; that the land, at the time of the conveyance, was valued at $2,800; that the $1,800 in the deed represents a portion of the con-

sideration, and the $1,000 note of the plaintiff, as administrator, to Elizabeth C. Miller, represents the balance of the consideration of the deed from Elizabeth C. Miller to Samuel G. Miller, as administrator of Mary Miller. They deny that the plaintiff has any legal or equitable claim upon the land. The defendant, Elizabeth C. Miller, alleges that the $1,000 note of Samuel G. Miller, held by her, represents her homestead interest in the land.

It appears that R. G. Miller, the husband of the defendant, Elizabeth C. Miller, did not on the 29th December, 1892, and does not now, own any real estate, and that he, with his said wife and family, lived upon the 290 acres of land in dispute. The $1,000 note of Samuel G. Miller, administrator, to Elizabeth C. Miller, secured by mortgage of the land, represents a portion of the consideration or purchase money for the land. The judgment under which plaintiff purchased the land is the only judgment in the sheriff's office against the defendant, Elizabeth C. Miller, and the mortgage of Elizabeth C. Miller to Mary Miller, deceased, and now held by Samuel G. Miller, as administrator, is the only mortgage upon the land in dispute. The judgment under which the plaintiff claims was obtained upon debts contracted by Elizabeth C. Miller, in 1885.

I conclude, as matter of law, that Elibeth C. Miller was entitled to a right of homestead in the land in dispute when the judgment was obtained against her, through which the plaintiff claims an interest in the land. I find, as matter of fact, that the 290 acres of land consists of one entire tract, and was worth at least $2,500 when it was conveyed by Elizabeth C. Miller to Samuel G. Miller, as administrator. The judgment under which the land was sold by the sheriff and bought by plaintiff did not create a lien upon that portion of the 290 acres of land to which Elizabeth C. Miller's right of homestead could attach. The lien of said judgment did, however, attach to that portion of land not embraced in said right of homestead, but subject to the prior lien of the mortgage of Elizabeth C. Miller on the entire tract held by Samuel G. Miller, as administrator. This was all of the interest of Elizabeth C. Miller in the land that the sheriff could sell and convey to the

plaintiff. Elizabeth C. Miller's right of homestead in the land has never been definitely ascertained or admeasured, and the consequence is, that it is impossible to determine, until said homestead has been assigned, to what portion or proportion of the land the lien of the judgment would attach under which the plaintiff claims an interest in the land.

When a plaintiff seeks the aid of a court of law or equity to enforce his right to land, he must show definitely the extent of his interest in the land. This the plaintiff has been unable to do, owing to the fact that the homestead interest in the land exempt from the judgment under which plaintiff claims, has never been ascertained or admeasured. Elizabeth C. Miller had the right to sell the land to Samuel G. Miller, administrator, subject to any lien that attached under the judgment through which the plaintiff claims. In the absence of fraud the plaintiff has no right to have the deed from Elizabeth C. Miller to Samuel G. Miller, administrator, cancelled, as prayed for. The plaintiff is not in a position to entitle him to redeem and take possession of the land.

If the homestead had been assigned to Elizabeth C. Miller by the sheriff before he sold the land under the judgment, the two fund doctrine contended for by plaintiff would apply under the authority of *Bank* v. *Harbin*, 18 S. C., 425, and *Bowen* v. *Barksdale*, 33 *Id.*, 151. In applying the two fund doctrine in the case last cited, the court says: "Here were two tracts of land, the homestead, set off by meets and bounds, and the 150 acre tract. True, these two tracts of land had originally been incorporated together and formed but one tract, but when the question below was made, the tract had been divided into the homestead and the 150 acre tract, so that it was distinctly known what the judgment had lien upon and what the mortgage covered." In the case under consideration, the 290 acres consists of one entire tract, not susceptible of division. The entire tract of 290 acres, including the undefined homestead right of Elizabeth C. Miller, has been conveyed by deed to Samuel G. Miller, as administrator of the mortgagee. In said deed Elizabeth C. Miller expressly declares her purpose to keep the mortgage open and unsatisfied, as a shield or protec-

tion against the judgment under which plaintiff claims.    The
application of the two fund doctrine could be invoked by
plaintiff to defeat such purpose, if Elizabeth C. Miller's home-
stead had been assigned, and the plaintiff thereby enabled to
show to what portion of the land the lien of the judgment at-
tached, under which he claims.

I conclude that, under the facts in this case, the plaintiff
cannot avail himself of the two fund doctrine to compel the
defendant, Samuel G. Miller, administrator, first to exhaust
the homestead (which is undefined) to satisfy his mortgage
debt.    I must conclude, as matter of law, that the plaintiff has
failed to show that he is entitled to the relief sought in this
action, and upon that ground the complaint herein must be
dismissed.    It is, therefore, ordered, adjudged, and decreed,
that the plaintiff's complaint be dismissed with costs.

Plaintiff's exceptions were as follows:

I. Because his honor erred in sustaining the objection of the
defendant, S. G. Miller, administrator, that Elizabeth C. Miller
was a necessary party to the action, when it appeared that she
had conveyed all of her interest to said S. G. Miller, adminis-
trator, before the commencement of the action.    II. Because
his honor erred in holding that the 290 acres, described in the
complaint, consisted of one entire tract, "not susceptible of
division."    III. Because his honor erred in holding that, in
the absence of fraud, the plaintiff has no right to have the deed
from Elizabeth C. Miller to S. G. Miller, administrator, can-
celled.    IV. Because his honor erred in holding that the
plaintiff was not in a position to entitle him to redeem, and
take possession of, the land in dispute in this action.    V. Be-
cause his honor erred in holding, under the facts in this case,
that the only interest of Elizabeth C. Miller in said tract of
land that could be conveyed by the sheriff to the plaintiff, was
such interest as was not embraced in her right of homestead,
and that such interest was subject to the prior lien of the mort-
gage held by S. G. Miller, administrator.    VI. Because his
honor erred in holding that Elizabeth C. Miller, at the time of
the sale, under the judgment held by the plaintiff, was entitled

to a homestead in the land in dispute as against said judgment; when he should have held that the said Elizabeth C. Miller had deprived herself of the right of homestead by giving a mortgage thereon prior to the recovery of said judgment. VII. Because his honor erred in holding that the "two fund doctrine," contended for by the plaintiff, was not applicable to the facts as developed in the case.    VIII. Because his honor erred in holding that the plaintiff had failed to show that he was entitled to the relief sought to be obtained by him in this action, and dismissing the complaint upon that ground.    IX. Because his honor erred in not sustaining the objections of the plaintiff to the admissibility of any testimony as to the $1,000 note being a part of the consideration for the deed from Elizabeth C. Miller to S. G. Miller, administrator, as said administrator had no legal right to execute such a note for the purchase of land or other property.    X. Because his honor erred in holding that it was necessary to have had the homestead of Elizabeth C. Miller assigned and admeasured before the "two-fund doctrine," contended for by the plaintiff, could apply to the facts of this case.    XI. Because his honor erred in not holding that Elizabeth C. Miller was not entitled to claim a homestead in an "equity of redemption."    XII. Because his honor erred in not holding that the lien of the mortgage held by S. G. Miller, administrator, was extinguished by a legal tender of the amount due thereon, and that the plaintiff had the right, in any event, to have said mortgage cancelled, notwithstanding the fact that the deed from Elizabeth C. Miller to S. G. Miller, administrator, contained a stipulation that it should remain open and unsatisfied to protect his title under said deed.    XIII. Because his honor erred in holding that the judgment held by the plaintiff did not, under the facts of this case, create a lien upon that portion of the 290 acres of land to which Elizabeth C. Miller's right of homestead could attach.

The additional grounds of respondent were as follows: 1. That the plaintiff could in no event have a right to redeem the premises described in the complaint until he had tendered to the defendant, S. G. Miller, the amount due on the note of

S. G. Miller to Elizabeth Miller, as well as the amount due on
the mortgage held by S. G. Miller, as administrator, and not
having included in his tender the amount due on said note, the
complaint for this reason alone would be dismissed. 2. That
the plaintiff could have no equity to force the defendant, S. G.
Miller, to exhaust the homestead interest of his co-defendant,
Elizabeth Miller, when it had been made to appear that the
plaintiff could pursue other property of his judgment debtor,
Elizabeth Miller, for the satisfaction of his judgment, to wit:
*First*, the personal property covered by chattel mortgage, which
was given to secure the note upon which plaintiff's judgment
was recovered; *secondly*, the tract of land owned by the defend-
ant, Elizabeth Miller, and not embraced in the mortgage held
by S. G. Miller, as administrator—the plaintiff's judgment
being a lien upon the said tract of land.   See testimony.

   *Mr. J. E. McDonald*, for appellant.

   *Messrs. Ragsdale & Ragsdale*, contra.

   March 12, 1894.   The opinion of the court was delivered by

   MR. CHIEF JUSTICE McIVER.   The facts of this case are so
fully and clearly stated in the Circuit decree, that it is needless
to restate them here, as that decree, together with plaintiff's
exceptions, and the additional grounds, upon which the defend-
ants have given proper notice that they will rely to sus-
tain the decree, should all be incorporated in the report of the
case.   But inasmuch as the dates of the several transactions
out of which this controversy arises should be kept steadily in
mind, we will restate them here.

   *On the 1st of January, 1885*, Mary Miller conveyed a tract of
land, containing 290 acres, which is the subject matter of this
action, to the defendant, E. C. Miller, the consideration stated
in the deed being $2,000.   *On the same day*, E. C. Miller exe-
cuted her mortgage on the said land to secure the payment of
her note for $1,000, doubtless a part of the purchase money.
*On the 6th of March, 1891*, the said Calvin Brice obtained judg-
ment against E. C. Miller, which judgment was afterwards
transferred to the plaintiff, by the deed of assignment made by

Brice to the plaintiff. *On the 16th day of August, 1892,* Mary Miller died intestate, and letters of administration on her estate were subsequently granted to the defendant, Samuel G. Miller. *On the 9th of December, 1892,* execution was issued to enforce the above mentioned judgment in favor of Calvin Brice, and the same was levied on said 290 acre tract of land, as the property of E. C. Miller. *On the 29th of December, 1892,* E. C. Miller conveyed the said land to Samuel G. Miller, as administrator of Mary Miller, the consideration stated in said deed being the sum of $1,800. This deed contained the stipulation set out in the decree of the Circuit Judge, whereby the mortgage above referred to, then held by Samuel G. Miller, as administrator of Mary Miller, should be left open to protect the land against intervening encumbrancers. *Agnew* v. *Railroad Company,* 24 S. C., 18. On the same day (*29th December, 1892*), Samuel G. Miller, as administrator as aforesaid, gave his note to E. C. Miller for the sum of $1,000. *On the 5th day of January, 1893,* the land was sold by the sheriff under the execution above referred to, at which sale the plaintiff became the purchaser, and received titles from the sheriff.

Soon after this (at what precise date is not stated), but before the commencement of this action, the plaintiff offered to Samuel G. Miller, administrator as aforesaid, to pay the amount of the mortgage debt, and demanded possession of the land, which offer and demand was refused, and thereupon this action was commenced on the 24th of January, 1893, for the purpose, substantially, of being allowed to redeem the mortgaged premises, by paying the full amount of the debt secured thereby, as he had alleged in his complaint his readiness and ability to do, and of having the deed and mortgage held by Samuel G. Miller cancelled, and that he should be let into possession of the said land. It seems that E. C. Miller was not originally made a party to the action; but Samuel G. Miller claimed in his answer that she was a necessary party to the action, and prayed that she be joined therein as a party defendant. The motion to that effect being granted, E. C. Miller filed her answer, in which she sets up, amongst other things, a claim that she was entitled to a homestead in the tract of land in controversy,

which exceeded in value the amount of the mortgage debt, and that said tract of land "could not be divided without material injury to the value of the same;" and she furthermore alleged that the note for one thousand dollars given to her by the said Samuel G. Miller "represents the amount to be paid this defendant for her homestead in the said land."

In the first place, we are unable to agree with the Circuit Judge in holding that E. C. Miller was a necessary party to this action, but, on the contrary, it seems to us that she was neither a necessary nor a proper party to the action.

She certainly was not a necessary party, as mortgagor, after having conveyed away her entire interest in the mortgaged property, as she had done here, before this action was commenced. Pom. Rem., § 387. And even assuming, as we do, that she was once entitled to a homestead, we do not see how that could make her a necessary party, in face of the undisputed facts that she had twice before voluntarily stripped herself of the right of homestead; first, by her mortgage, and second, by her deed to Samuel G. Miller. Even if it be conceded that the note of $1,000, given her by Samuel G. Miller as a part of the purchase money of the land when he bought from her, was intended to represent the value of her homestead right, that would not render her a necessary party, for if any such right then existed, it was vested in Samuel G. Miller, and not in her. But we will not rest our decision upon the error in holding Mrs. Miller to be a necessary party, for, as it seems to us, it is of but little practical consequence whether she be made a party, or not.

Passing by, then, this question as to parties, we will proceed to consider the case on its merits. Inasmuch as the mortgage to Samuel G. Miller by E. C. Miller must, under the decision in *Agnew* v. *Railroad Company*, 24 S. C., 18, still be regarded as open, notwithstanding the fact that the land which it covered has been conveyed by the mortgagor to the mortgagee, by reason of the express stipulation to that effect, inserted in the conveyance, we find here a tract of land upon which there were two liens; first, that of the mortgage, which covered the whole of the land, and

second, that of plaintiff's judgment, which, unquestionably, covered so much of the land as was in excess of the homestead, conceding, for the present, that such right of homestead still existed. Under this state of things there can be no doubt, since the case of *Bradford* v. *Buchanan*, 39 S. C., 237 (which was probably not brought to the attention of the Circuit Judge, as it had been then but very recently decided), that the land could be sold, subject, of course, to the senior mortgage, and subject, also, to any homestead claim therein, if any then existed, although the Circuit Judge seems to have thought otherwise. Now, when Mrs. Miller conveyed the whole of the land to S. G. Miller, then the holder of the mortgage, which was done before the sale by the sheriff, under which the plaintiff claims, she parted with any right of homestead therein which she may have once had, and which had been previously encumbered by the lien of the mortgage. Section 1998 of the General Statutes, as amended by the act of 1889 (20 Stat., 381), expressly provides: "That no right of homestead shall exist or be allowed in any property, real or personal, aliened or mortgaged, either before or after assignment, by any person or persons whomsoever, as against the title or claim of the alienee or mortgagee, or his, her, or their heirs or assigns." So that it is very manifest that Mrs. Miller had absolutely divested herself of all right of hometead in the said land before the sale by the sheriff to the plaintiff. Hence she did not, and could not have, set up any claim to have any homestead laid off to her before the said sale was made; nor did her grantee set up any such claim at that time, so far as appears.

But it is said, that while Mrs. Miller may have thus divested herself of all right of homestead, yet her alienee, S. G. Miller, had acquired such right before the sale by the sheriff, and, therefore, he took so much of the land as would be necessary to constitute the homestead which he had bought, free from the lien of plaintiff's judgment; and the cases of *Cantrell* v. *Fowler*, 24 S. C., 424, *Ketchin* v. *McCarley*, 26 *Id.*, 1, *Wood* v. *Timmerman*, 29 *Id.*, 175, and *Martin* v. *Bowie*, 37 *Id.*, 102, are cited to sustain this view. While it is true that the first two of these cases were cases in which it was conceded

that the whole of the land owned by the judgment debtor did not exceed in value the sum of one thousand dollars, and it must necessarily be the homestead of the debtor, yet in the last two of these cases such was not the fact, and the doctrine was applied to cases where the land exceeded in value the said sum, and where the homestead had not been laid off. But in the case of *Martin* v. *Bowie, supra,* the claimant, not the creditor, was required to institute proper proceedings to have the homestead laid off within a prescribed time, or else be barred from asserting any claim of homestead. So that while the position contended for may be correct, if there was nothing else in the case, and the plaintiff would not be entitled to any portion of the land embraced within the limits of the homestead, provided the claimant of the homestead should, within a time to be prescribed by the decree of the court, institute proper proceedings to have the homestead specifically designated and laid off, and failing to do so, his claim should be barred, yet in this case something else does appear not found in either of the cases above cited, to wit: that here there was a mortgage, now held by the defendant, S. G. Miller, which was a first lien upon the entire tract of land, homestead and all, which lien was expressly left open, when the entire land was sold to said S. G. Miller by Mrs. E. C. Miller, by the agreement of the parties, and the question is, what effect these facts have upon the rights of the parties.

If this mortgage was now held by a third person who was seeking to enforce such lien by a sale of the mortgaged premises, it seems to us, that, upon well settled principles, the plaintiff would have an equity to require the holder of the mortgage to apply so much of the proceeds of the sale as represented the homestead, upon which he had a lien, to the extinguishment of such lien before going upon the proceeds of the sale of the balance of the land in excess of the homestead, upon which alone the plaintiff has a lien, as was plainly indicated (though not decided) in the recent case of *American Freehold Land Mortgage Company* v. *Moody,* 40 S. C., 187, and this upon the familiar principle known as the two fund doctrine. Or if, as in the case of *Bradford* v. *Buchanan,* 39 S. C., 237, the plaintiff had become

the purchaser of the mortgage, the same principle would apply, and the plaintiff would have the right to sell the entire land under the lien of the mortgage free from any claim of homestead, and thus acquire a valid title to the whole of the land. And if the plaintiff is allowed to redeem the mortgaged premises by paying the mortgage debt, as he asks, we do not see why the same principle should not apply; for, in that event, he would practically become the assignee of the mortgage, and entitled to all the rights incident to that relation, in equity at least.

It is contended, however, that the two fund doctrine cannot apply in this case, for the reason that the tract of land in question is a single tract, "not susceptible of division," as found by the Circuit Judge, though there seems to be but little, if any, evidence to sustain such finding—nothing but the single statement in the testimony of Mrs. E. C. Miller, that "the land, being in one single tract, it could not be divided satisfactorily," which seems to be a mere expression of her opinion; and, for this reason, it is claimed that there are not here two funds. And the cases of *Ex parte Kurz*, 24 S. C., 468, and *Ex parte Carraway*, 28 *Id.*, 233, are relied upon to sustain this view. We do not think that these cases are applicable, for the reason that the decisions there did not rest upon the ground that there were not two funds, but really upon the ground that there were not two creditors. In the former case, the judgment debtor had no legal title to the land in question, but was in possession under a contract to purchase, and, therefore, no claim of homestead could be asserted until the purchase money was fully paid; nor could the general judgment creditors subject any portion of the land to the payment of their judgments until after the judgment for the purchase money had been paid. After it was paid there then remained only the general judgment creditors, and there was, therefore, no room for the two fund doctrine. In the other case, there were originally mortgage as well as judgment creditors, but the mortgages having been paid, by consent of all parties, out of the proceeds of the sales of the land, before any claim was made by the judgment creditors to set up the two fund doc-

trine, it was then too late for them to do so, as the only creditors who then remained stood precisely on the same footing.

What effect the view which we have taken of this case may have upon the question as to the liability of S. G. Miller on the note of one thousand dollars, given to Mrs. Miller as part of the purchase money of the land conveyed to him by her, is not properly presented by the pleadings, and cannot, therefore, be considered by us; and we do not desire to be regarded as intimating any opinion as to that matter.

The judgment of this Court is, that the judgment of the Circuit Court be reversed, and that the case be remanded to that court for such further proceedings as may be necessary to carry out the views herein announced.